Citibank, N.A. v Gifford (2025 NY Slip Op 07163)

Citibank, N.A. v Gifford

2025 NY Slip Op 07163

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND KEANE, JJ.

875 CA 24-01904

[*1]CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF NRZ PASS-THROUGH TRUST VI, PLAINTIFF-RESPONDENT,
v
THOMAS J. GIFFORD, ALSO KNOWN AS THOMAS JAY GIFFORD, ALSO KNOWN AS THOMAS GIFFORD, MARLENE E. GIFFORD, ALSO KNOWN AS MARLENE GIFFORD, ALSO KNOWN AS MARLENE LOU GIFFORD, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS.

LEGAL AID SOCIETY OF MID-NEW YORK, INC., UTICA (NICHOLAS J. TESINY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
ROACH & LIN, P.C., SYOSSET (HANS H. AUGUSTIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Herkimer County (Mark R. Rose, J.), entered May 2, 2024, in a mortgage foreclosure proceeding. The order denied the cross-motion of defendants Thomas J. Gifford and Marlene E. Gifford for summary judgment and granted the motion of plaintiff for a judgment of foreclosure and sale. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this residential foreclosure action, defendants-appellants (defendants) appeal from an order that granted plaintiff's motion seeking, inter alia, a judgment of foreclosure and sale and denied defendants' cross-motion for summary judgment dismissing the complaint against them based on plaintiff's lack of standing.
We note that a final judgment of foreclosure and sale has been entered in this action. Although defendants appealed from the judgment, that appeal was previously dismissed by operation of 22 NYCRR 1250.10 (a). Inasmuch as the right to appeal from the intermediate order terminated with the entry of the final judgment, defendants' appeal from the intermediate order must be dismissed (see Matter of Aho, 39 NY2d 241, 248 [1976]; Lakeview Loan Servicing, LLC v Finn, 176 AD3d 1599, 1599 [4th Dept 2019]; Norwest Mtge. v Clifford, 271 AD2d 721, 721 [3d Dept 2000]). We note that a dismissal pursuant to 22 NYCRR 1250.10 (a) may be vacated on motion; such a motion must be "made within one year of the date of the dismissal" (22 NYCRR 1250.10 [c]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court